IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 7 |
| TAIGA BIOTECHNOLOGIES, INC., | Case No. 23-10927 (CTG) |
| Putative Debtor. | Re: Docket Nos. 20, 36, 37 |

## ORDER SUSPENDING INVOLUNTARY CHAPTER 7 CASE

This matter having come before the Court on the motion (the "*Motion*")[1] of Taiga Biotechnologies (ABC), LLC (the "*Assignee*") for an order, pursuant to 11 U.S.C. §§ 305(a) and 707(a), dismissing and/or abstaining from the involuntary chapter 7 bankruptcy case of Taiga Biotechnologies, Inc. (the "*Debtor*"); this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012; entry of this Order being in a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); venue of this proceeding and the Motion in this District being proper pursuant to 28 U.S.C. §§ 1408 and 1409; due and proper notice of the Motion having been provided; it appearing that no other or further notice need be provided; the Court having conducted an evidentiary hearing on the Motion; the Court having found that the interests of the Debtor and its creditors establish that abstention under 11 U.S.C. § 305(a)(1) is warranted; the Court having also found that no bad faith or other cause exists under 11 U.S.C. § 707(a) that would warrant dismissal; and based on findings of fact, conclusions of law, and for the reasons set forth in the Court's bench ruling delivered on August 30, 2023,

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

148990458.6

IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1. The Assignee's request for relief pursuant to 11 U.S.C. § 707(a) is denied.

2. The Assignee's request for relief pursuant to 11 U.S.C. § 305(a)(1) is granted as set forth below.

3. Pursuant to 11 U.S.C. § 305(a)(1), all proceedings in this chapter 11 case are suspended for all purposes, including, without limitation, the Assignee's (i) continued administration of all aspects of the assignment for the benefit of creditors of the Debtor (the "**ABC**"), (ii) Assignee's ongoing conduct of the sale process that was underway prior to the filing of the Petition, (iii) implementation of sale procedures adopted by the Assignee, including that, following the deadline for receipt of bids and prior to commencement of any auction, the Assignee will disclose to the Petitioning Creditors and any Qualified Bidders, as such term is used in the Sale Memo, the identity of the Qualified Bidder(s) and the total and form of consideration offered in what the Assignee has determined to be the highest and best Qualified Bid and, upon request of counsel for Petitioning Creditors, the Assignee will disclose to counsel for Petitioning Creditors on a "for attorney's eyes only" basis for review by Petitioning Creditors' counsel, the total and form of consideration offered in any other Qualified Bid (for the avoidance of doubt, the identity of an entity submitting a Qualified Bid includes owners and ultimate parent company of the Qualified Bidder(s)), and (iv) consummating any sale(s) of assets by the Assignee.

4. As a result of and in accordance with suspension under 11 U.S.C. § 305(a)(1) as set forth above, the automatic stay imposed by 11 U.S.C. § 362 is terminated.

5. Upon the consummation of any sale(s) of assets and completion of the administration of the ABC, the parties shall, under certification or otherwise, file a motion to dismiss this case.

6.  While suspension of all proceedings is in place in this case under 11 U.S.C. § 305(a)(1), in the event that Petitioning Creditors determine that the Assignee is not properly conducting the sale process with regard to the former assets of the Debtor or not properly consummating any sale(s) of such assets, the Petitioning Creditors, upon proper notice to the Assignee, may file a motion with this Court requesting relief, and the Assignee may respond to any such motion.

7.  The Court retains jurisdiction with respect to all matters arising from or relating to the implementation, interpretation, and enforcement of this Order.

**Dated: September 8th, 2023**
**Wilmington, Delaware**

**CRAIG T. GOLDBLATT**
**UNITED STATES BANKRUPTCY JUDGE**

134131011v.9
148990458.6